UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Akitoshi Yamamoto,            Case No. 3:21-cv-01527

       Plaintiff

v.            ORDER OF DISMISSAL

Sheming Kong,

       Defendant.

*Pro se* Plaintiff Akitoshi Yamamoto filed this action against Shermin Kong, an employee of ABCO International Freight (USA) Inc. Plaintiff does not provide an address for Kong and does not represent in the complaint that Kong is a resident of Ohio. (Doc. 1.) His action pertains to his purchase of excavators from a company in China which were shipped to and allegedly damaged in Maryland.

Plaintiff has filed three prior actions based on these same facts. One prior case, *Yamamoto v. Romero*, Case No. 3: 20 CV 2254 (N.D. Ohio Feb. 8, 2021) was transferred to the District of Maryland for lack of venue because all of the alleged events occurred there, and the sole defendant did not reside in this district. Another prior case, *Yamamoto v. Salmons*, Case No. 3:21 CV 1198 (N.D. Ohio Sept. 13, 2021) was transferred to the Middle District of Florida because the defendants were residents of Florida and the case had no apparent connection to Ohio. Plaintiff brought a third prior action naming Kong, ABCO International Freight, and Mai Chan as Defendants. United

States District Judge James G. Carr dismissed the action as being improperly venued stating that Plaintiff had been informed on two prior occasions that the Northern District of Ohio was not the proper venue for his dispute pertaining to the purchase and shipping of the excavators. Undeterred by those decisions, Plaintiff filed this action in the Northern District of Ohio attempting to litigate issues stemming from the purchase and the shipping of the excavators.

As with his prior action, the Northern District of Ohio is not the proper venue for this case. A civil action may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Even under the most liberal reading of Plaintiff's complaint, his allegations have no relationship to Ohio, other than Plaintiff now representing that he has an Ohio address. He has not represented that the Defendant resides in Ohio, or that any event giving rise to the action occurred, here. As such, this Court is an improper venue for this case.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Although courts generally refrain from *sua sponte* dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances even in *pro se* cases. *See Davis v. Reagan*, 872 F.2d 1025 (Table), 1989 WL 40200 (6th Cir. 1989) (affirming *sua sponte* pre-service dismissal on grounds of improper venue when case was filed in Tennessee and proper venue was in the Western District of Pennsylvania); *Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir.

2

2007) (affirming *sua sponte* dismissal rather than transfer in *pro se* case "given that the suit was filed in such an obviously improper venue").

I find *sua sponte* dismissal rather than transfer warranted here. The Plaintiff has already been clearly apprised in his prior cases of the requirements for laying venue in this district, and that the proper venue for his disputes regarding the excavators he alleges he purchased is the District of Maryland. Nevertheless, he has again filed a lawsuit here without a basis for proper venue.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted and this action is dismissed without prejudice for lack of venue pursuant to 28 U.S.C. § 1406(a). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff is cautioned that if he files another action pertaining to the purchase and shipping of the excavators in this District, after having been advised now four times that venue is not proper here, the Court may impose sanctions or restrictions on him such as denying requests to proceed *In Forma Pauperis* and requiring him to pay the full filing fee, or enjoining him from filing new actions unless he obtains prior leave of court, or both.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge